OPINION.
{¶ 1} Defendant-appellant, Tammy J. Mason, appeals from a Columbiana County Municipal Court decision that awarded plaintiff-appellee, Buckeye Management Co., possession of a rental property.
 {¶ 2} Appellant entered into a lease with appellee to rent an apartment in the Salem Acres apartment complex on December 5, 2000. Salem Acres is a privately owned apartment complex subsidized by the United States Department of Housing and Urban Development. Appellant also signed a lease addendum for drug-free housing the same day she signed the lease. The addendum provided that no drug-related criminal activity is permitted in the tenant's household, and that one or more violations of the addendum are grounds for termination of the tenancy and eviction from the unit.
 {¶ 3} On June 24, 2002, Perry Township Police Officer Mike Emigh arrived at Salem Acres apartment complex in response to a domestic violence situation. Upon his arrival, a female victim informed Officer Emigh that her boyfriend beat her, and had fled the apartment complex to a nearby one. In looking for the boyfriend, Officer Emigh knocked on appellant's door and she answered. Once appellant opened the door, Officer Emigh was overcome with the odor of marijuana. Officer Emigh informed appellant who he was looking for and asked if she had seen him. He also asked to step inside. According to Officer Emigh, appellant granted him consent to enter and he took three or four steps into the apartment. He then noticed a half-smoked marijuana cigarette in an ashtray on the dining room table, which was right in front of him. Officer Emigh questioned appellant and the other occupants in the apartment about the marijuana, but no one would admit to its ownership. He then advised appellant that he was going to leave to find the domestic violence suspect and that he would deal with her later. No criminal charges were filed against appellant for the marijuana.
 {¶ 4} On June 28, 2002, after receiving a copy of the incident report from the Perry Township Police Department, appellee served appellant with a notice to leave the premises, citing "violation of drug-free housing" as the basis for termination. Appellee filed a complaint for forcible entry and detainer and for rent, late fees, and other damages on August 13, 2002, citing appellant's violation of the drug-free housing policy as the basis for eviction.
 {¶ 5} The case proceeded to trial on October 18, 2002. The trial court issued its decision on November 5, 2002, granting appellee possession of the rental premises as of November 11, 2002. On November 13, 2002, appellant filed a timely notice of appeal and a motion for stay of execution. The trial court denied appellant's motion for stay of execution on November 14, 2002. On November 22, 2002, appellee requested and the court issued a writ of restitution execution to the Columbiana County Sheriff as appellant had not yet vacated the premises.
 {¶ 6} Appellant raises one assignment of error, which states:
 {¶ 7} "The trial court erred as a matter of law in granting eviction against Tammy Mason contrary to the terms of Ohio Revised Code Section 1923.02(A)(6)(a)(i)."
 {¶ 8} Appellant contends that the evidence does not meet the standard set out in R.C. 1923.02(A)(6)(a)(i) for forcible entry and detainer. She argues that the search of her residence was not conducted with a warrant. In fact, appellant continues, the purpose of the search was to determine the whereabouts of a domestic violence suspect and had no relation to alleged drug activity. Appellant urges that R.C.1923.02(A)(6)(a)(i) is a special provision of the statute, and as such prevails as an exception to the general provision. Citing R.C. 1.51. Appellant further notes that the notice to leave premises served on her stated "violation of drug free housing" as the basis for termination of tenancy, clearly bringing her eviction within the terms of R.C.1923.02(A)(6)(a)(i).
 {¶ 9} Appellant goes on to cite Vistula Mgmt. Co. v. Wells (Mar. 23, 2001), 6th Dist No. L-00-1224, in her contention of the proper application of R.C. 1923.02(A)(6)(a)(i). In Vistula, appellant argues, the court found that an eviction could not be granted even with a search warrant because the affidavit and search warrant were not submitted as evidence, making it impossible for the landlord to have actual knowledge or reasonable cause to believe that the tenant was involved in illegal activity. The Sixth District Court of Appeals stated that the "statute is clear that `actual knowledge and/or reasonable cause to believe' is derived from the fact that a search warrant was issued pursuant to Crim. R. 41." Based on Vistula, appellant argues that where a warrant does not even exist, the landlord could not have had actual knowledge or reasonable cause to believe that an offense involving a controlled substance had occurred.
 {¶ 10} R.C. 1923.02(A) sets out when a person is subject to forcible entry and detainer. It states, in pertinent part:
 {¶ 11} "(A) Proceedings under this chapter may be had as follows:
 {¶ 12} "* * *
 {¶ 13} "(6) In any other case of the unlawful and forcible detention of lands or tenements. For purposes of this division, in addition to any other type of unlawful and forcible detention of lands or tenements, such a detention may be determined to exist when both of the following apply:
 {¶ 14} "(a) A tenant fails to vacate residential premises within three days after both of the following occur:
 {¶ 15} "(i) The tenant's landlord has actual knowledge of or has reasonable cause to believe that the tenant, any person in the tenant's household, or any person on the premises with the consent of the tenant previously has or presently is engaged in a violation * * *, which involves a controlled substance and which occurred in, is occurring in, or otherwise was or is connected with the premises, whether or not the tenant or other person has been charged with, has pleaded guilty to or been convicted of, or has been determined to be a delinquent child for an act that, if committed by an adult, would be a violation as described in this division. For purposes of this division, a landlord has `actual knowledge of or has reasonable cause to believe' that a tenant, any person in the tenant's household, or any person on the premises with the consent of the tenant previously has or presently is engaged in a violation as described in this division if a search warrant was issued pursuant to Criminal Rule 41 or Chapter 2933. of the Revised Code; the affidavit presented to obtain the warrant named or described the tenant or person as the individual to be searched and particularly described the tenant's premises as the place to be searched, named or described one or more controlled substances to be searched for and seized, stated substantially the offense * * * that occurred in, is occurring in, or otherwise was or is connected with the tenant's premises, and states the factual basis for the affiant's belief that the controlled substances are located on the tenant's premises; the warrant was properly executed by a law enforcement officer and any controlled substance described in the affidavit was found by that officer during the search and seizure; and, subsequent to the search and seizure, the landlord was informed by that or another law enforcement officer of the fact that the tenant or person has or presently is engaged in a violation as described in this division and it occurred in, is occurring in, or otherwise was or is connected with the tenant's premises.
 {¶ 16} "* * *
 {¶ 17} "(9) Against tenants who have breached an obligation imposed upon them by a written rental agreement." R.C. 1923.02(A)(6)(9).
 {¶ 18} The trial court found that Officer Emigh conducted a consent search of appellant's apartment and found a partially smoked marijuana cigarette on the table. It also found that Officer Emigh reported his findings to appellee. The court concluded that the evidence and information Officer Emigh obtained as a result of the consensual search was equally reliable and of equal probative value as if the search had been pursuant to a warrant. Furthermore, it concluded that the evidence was sufficient to prove that drug related activity had occurred at appellant's apartment for purposes of proceedings under R.C.1923.02(A)(6)(i) and/or for purposes of proceedings pursuant to anti-drug activity provisions imposed by the rental agreement. Accordingly, the court granted appellee possession of the apartment.
 {¶ 19} R.C. 1923.02(A)(6)(a)(i) states that a landlord must have "actual knowledge and/or reasonable cause to believe" that a tenant is engaged in criminal activity in order to bring an action for forcible entry and detainer pursuant to this section. This language is further qualified. R.C. 1923.02(A)(6)(a)(i) states that a landlord has actual knowledge and/or reasonable cause to believe pursuant to this section "if a search warrant was issued pursuant to Criminal Rule 41 or Chapter 2933. of the Revised Code." In the present case, there was no search warrant. The trial court effectively enlarged the language of R.C.1923.02(A)(6)(a)(i) to include a consensual search. Consensual search, however, is not included in the language of the statute. Rather, it was "read in" by the trial court. In doing so, the trial court ignored the plain language of R.C. 1923.02(A)(6)(a)(i), which explicitly states that in order to fulfill the requisite "actual knowledge and/or reasonable cause" on the part of the landlord, a search warrant must be issued and executed.
 {¶ 20} Nonetheless, the trial court's judgment awarding possession of the apartment to appellee was proper under R.C. 1923.02(A)(9). R.C.1923.02(A)(6) provides in part, "* * * in addition to any other type of unlawful and forcible detention of lands or tenements, such a detention may be determined to exist when both of the following apply." The phrase "in addition to" connotes that section (A)(6) provides an additional ground for eviction beyond the terms of a lease. Therefore, section (A)(6) provides for a "fail safe" in the event that a drug violation occurs and is not covered under the standards set forth in any other applicable section of the statute. Additionally, the language, "such a detention may be determined to exist when both of the following apply" (going on to cite the issuance and execution of a search warrant and the fulfillment of the notice requirement), connotes not that these elements are required to evict for drug-related activity, but rather that in the event that these elements are met, a tenant may be evicted pursuant to section (A)(6). In the case at bar, however, appellant's violation is effectively covered under section (A)(9), because appellant breached her lease terms by violating the drug-free housing addendum. Accordingly, appellant's sole assignment of error is without merit.
 {¶ 21} We must also address appellee's contention that appellant's appeal is frivolous because it is without merit and presents no reasonable question for review. This court has articulated that "[w]hether conduct is frivolous is determined on a case-by-case basis. What may be a frivolous claim in one case may not necessarily be frivolous in another case." Moore v. Steubenville (Sept. 15, 1995), 7th Dist. No. 94-J-67. In the case at bar, appellant has made a logical argument that R.C.1923.02(A)(6) is the properly applicable section of the statute. Appellant bases this contention on the fact that section (A)(6) deals explicitly with drug-related criminal activity and the fact that appellee's notice to leave the premises specifically cites "violation of drug-free housing" as grounds for eviction. There is at least a reasonable corollary between the evidence in the case and an application of 1923.02(A)(6). Further, appellant has made a reasonable argument supported by existing law that, under section (A)(6)(a)(i), the trial court improperly expanded the clear and unambiguous language of the statute to fit the case at bar. Accordingly, appellee's contention that appellant's appeal is frivolous and request for attorneys' fees is without merit.
 {¶ 22} For the reasons stated above, the trial court's decision is hereby affirmed.
Judgment affirmed.
Vukovich and Waite, JJ., concur.